UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDRIC LEHRMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., SELENE FINANCE; SELENE FINANCE, LP; U.S BANK, N.A. as trustee for Stanwich Mortgage Loan Trust, Series 2012-3; NORTH CASCADE TRUSTEE SERVICES INC.; CARRINGTON MORTGAGE SERVICES, LLC; and DOES 1-10,<br><br>Defendants. | Case No. C17-205RSM<br><br>ORDER GRANTING MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on the Motion to Dismiss filed by Defendant Carrington Mortgage Services, LLC, Dkt. #6. For the reasons stated below, the Court GRANTS Defendants' Motion and dismisses Plaintiff's claims with prejudice.

## II. BACKGROUND

**A. Factual Background[1]**

On or about November 28, 2006, Plaintiff Frederic Lehrman sought and obtained a loan for $530,400 related to his real property located at 13609 SE 58th Place, Bellevue, Washington.

---

[1] The following background facts are taken from Plaintiff's Complaint, Dkt. #4, and accepted as true for purposes of ruling on Defendants' Rule 12(b)(6) Motion to Dismiss.

ORDER GRANTING MOTION TO DISMISS - 1

He states he was never informed of the true identity of the actual lender that funded that loan, but that Wells Fargo was a conduit for delivery of funds. On April 24, 2013, a Notice of Default issued as to this loan. Plaintiff asserts that there is no legitimate deed of trust or note that evidence a debt owed by the Plaintiff, and that there is no competent chain of title to establish standing for any defendant to assert claims against the plaintiff or his real property.

**B. Procedural Background**

Plaintiff filed this action on February 13, 2017. Dkt. #1. Plaintiff brings this action for quiet title and violation of the Fair Debt Collection Practices Act. Dkt #4.

This is Plaintiff's second action related to the same 2006 loan for the same real property. Plaintiff's first action was originally filed on March 27, 2014, in state court. Case No. 2:14-cv-00607-RSM, Dkt. #1-1. In that action, Plaintiff named as defendants U.S. Bank in its capacity as trustee of the Stanwich Mortgage Loan Trust, Series 2012-3, the securitized trust which owns Plaintiff's loan; Elizabeth A. Osterman; and Carrington Mortgage Services, the former servicer of the loan. *Id.* Plaintiff brought six claims: (1) wrongful initiation of nonjudicial foreclosure under Washington's Deed Trust Act, RCW 61.24 et seq.; (2) fraud; (3) slander of title; (4) declaratory judgment; (5) negligence; and (6) violation of Washington State's Consumer Protection Act. *Id.* Defendants in that action removed to this Court. Plaintiff later requested to amend his complaint in that case to include Wells Fargo and Selene Finance. *See* Dkt. #40. The Court denied Plaintiff's request to add those parties, noting that "any claims against Wells Fargo or Selene Finance based on a 2006 loan would almost certainly be barred by the statute of limitations." Dkt. #42 at 5. The Court dismissed all of Plaintiff's claims in that action with prejudice. Dkt. #42.

# III. DISCUSSION

## A. Legal Standard

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, Plaintiff's claims must be dismissed. *Id.* at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## B. Defendant's Motion

As an initial matter, the Court has reviewed the record and finds that Plaintiff was properly served a copy of this Motion. *See* Dkt. #6 at 17. Plaintiff presents no compelling evidence to the contrary.

"Filing two separate lawsuits based on the same event—claim splitting—is precluded in Washington." *Ensley v. Pitcher*, 152 Wash. App. 891, 222 P.3d 99, 102 (2009) (quoting *Landry v. Luscher*, 95 Wn. App. 779, 780, 976 P.2d 1274 (1999)). Defendant Carrington Mortgage Services argues that because Plaintiff's 2014 action has been dismissed, this current action must also be dismissed. Dkt. #12 at 3 (citing *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424, 2428, 69 L.Ed.2d 103, 108 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); *Ensley v. Pitcher*, 152 Wash. App. 891, 222 P.3d 99, 102 (2009). Defendant argues that all of Plaintiff's current claims arose out of the origination of the 2006 loan and the subsequent servicer's attempts to foreclose on the 2006 loan, issues addressed in the 2014 action and dismissed with prejudice on April 12, 2017. Dkt. #12 at 3.

Defendant also argues that Plaintiff's claims are barred by the statute of limitations to the extent they are premised on fraudulent loan origination. Dkt. #6 at 8-9. There is a three-year limit on such claims, measured from discovery of the facts giving rise to the claim. *See* RCW 4.16.080(4). Plaintiff does not respond to Defendant's argument with any evidence that he discovered his claims less than three years before filing this action. Defendant argues that Plaintiff has the burden of asserting facts in the complaint to show that the fraud was not discovered outside of the statute of limitation. Dkt. #12 at 2 (citing *Reeves v. John Davis & Co.*, 164 Wash. 287, 290, 2 P.2d 732, 733 (1931)).

The Court agrees with Defendant that Plaintiff's claims are barred under *res judicata* claim splitting and would otherwise be barred by the statute of limitations. Plaintiff presents no legitimate argument to the contrary, instead arguing that he has "never heard" of claim splitting and that *res judicata* does not apply because the previous case has been dismissed. Dkt. #11 at

4-5. *Res judicata* properly bars Plaintiff from relitigating the issues in this case, which clearly overlap with claims that were or should have been brought in Plaintiff's prior action, dismissed with prejudice. Even if Plaintiff's current action were not barred on procedural grounds, it would be dismissed under the applicable statute of limitations given the number of years between when Plaintiff knew or should have known of the facts giving rise to the instant claims and the date of filing this action. Given all of this, the Court need not address Defendant's other arguments on the merits of Plaintiff's claims.

**C. Leave to Amend**

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber, supra.* The Court finds that Plaintiff cannot allege different facts, consistent with the challenged pleading, which could survive dismissal and that therefore leave to amend should not be granted in this matter.

### IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant's Motion to Dismiss (Dkt. #6) is GRANTED. All of Plaintiff's claims are DISMISSED with prejudice.

2) This case is CLOSED.

DATED this 24th day of April, 2017.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS - 5